**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT J. TOMEI | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | Case No.   21-CV-894 |
| COLLECTION BUREAU OF FT. | ) | |
| WALTON BEACH, INC. | ) | |
| | ) | |
| DEFENDANT(s). | ) | **Plaintiff Demands Trial by Jury** |

**COMPLAINT *at* LAW**

Plaintiff, ROBERT J. TOMEI, by and through her attorneys, Robert J. Tomei Jr. and

JOHNSTON TOMEI LENCZYCKI & GOLDBERG, LLC, brings this action under the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") for a finding that Defendant

COLLECTION BUREAU OF FT. WALTON BEACH INC.'s debt collection actions violated

the FDCPA and to recover damages for Defendant's violations of the FDCPA, states and alleges

as follows:

**JURISDICTION *and* VENUE**

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331

as Plaintiffs' claims arise, in part, under FDCPA, 15 U.S.C. § 1692k(d).

2.      Venue is proper in this District because Plaintiff resides in this District, parts of

the acts and transactions occurred here, and Defendants transact substantial business in the State

of Illinois.

**STANDING**

3.      Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and

that is likely to be redressed by a favorable decision in this matter.

4.      Plaintiff suffered a personal, concrete, and particularized injury, as outlined in

more detail below, for Defendant Collection Bureau of FWB's attempt to collect a debt by falsely representing that it had the legal right to continue attempting to collect an alleged debt even though it had no legal right to do so, falsely represented the character, amount, legal status of the debt, attempting to collect an amount that was not due, for failing to communicate an alleged debt obligation as disputed, which caused him financial harm, emotional distress, aggravation, annoyance, inconvenience and loss of time.

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Robert J. Tomei ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed to the Vista Medical Center of Lindenhurst.

7.      Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8.      Defendant, Collection Bureau of Ft. Walton Beach, Inc. (hereinafter "Collection Bureau of FWB" Professional" or "Defendant") is a foreign corporation incorporated in the State of Florida with its principal place of business at 711 Eglin Pkwy NE, Ft. Walton Beach, FL

32547. Its registered agent is INCORP SERVICES INC., who can be found at 901 S 2nd Street, Suite 201, Springfield, IL 62704.

9.      Collection Bureau of FWB is licensed as a collection agency with the Illinois Department of Professional Responsibility.

10.     Thus, Collection Bureau of FWB acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

11.     Moreover, Collection Bureau of FWB also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

12.     Beginning in or around January 2017 and through the year 2018, Plaintiff purportedly incurred a debt for personal and household purposes, namely, medical services from Vista Medical Center of Lindenhurst ("alleged debt").

13.     The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

14.     Due to an insurance related billing discrepancy, Plaintiff did not pay the alleged debt, and it went into default.

15.     That at some point after the account purportedly went into default, Defendant Collection Bureau of FWB was retained or hired by the creditor to attempt to collect the alleged debt from the Plaintiff.

16.     Upon information and belief, and based upon such information and belief, Plaintiff alleges, that the original creditor accepted the Plaintiff as a Medicaid recipient and either failed to timely submit a claim for payment or failed to properly account for the Plaintiff's Medicaid status upon admittance.

17.     That thereafter, in the beginning of 2019, the Plaintiff discovered that the alleged debt was being reported to all three major credit reporting agencies, Equifax, Experian, and TransUnion.

18.     On or about January 23, 2019, Plaintiff issued a letter via U.S. First-Class Mail to the Defendant Collect Bureau of FWB to its primary business address, stating, as follows:

**January 23, 2019**

**Collection Bureau**
**711 Elgin Parkway, NE**
**Walton Beach, FL 32547**

**I have recently received a negative item on my credit report from Collection Bureau, 711 Elgin Pkwy, NE, Ft. Walton Beach, FL 32547 stating I owe $1,772 to Vista Medical Center. I dispute this information and request it to be deleted from my credit report. As proof, I have enclosed an Invoice from Vista Medical Center showing a $0.00 balance. In addition I have been covered under Medicaid since January 1, 2014 (attached Proof).**

**Let me know the results of your investigation.**

**Sincerely,**
**Robert J Tomei**

*See* Attached **Exhibit 1**, January 23, 2019 Dispute Letter

19.     Following the dispatch of Plaintiff's January 23, 2019 Dispute Letter, Plaintiff never heard from Defendant Collection Bureau of FWB but did note in or around May 2020, that the alleged debt was still being reported on his Equifax Credit Report, and upon information and

belief, TransUnion and Experian Credit Reports as well, as "delinquent" *without* the qualification of being "disputed". *See* Attached, **Exhibit 2**, Equifax Credit Report Excerpt.

20.     Thereafter, on or about May 13, 2020 at approximately 10:06 A.M. and via telephone number 866-292-9978 or 866-368-9887, Plaintiff was able to connect with a representative of the Defendant.

21.     During the ensuing conversation, Defendant's agent representative acknowledged receipt of Plaintiff's January 23, 2019 dispute letter. Defendant's agent requested Plaintiff's email address to provide an update upon further investigation.

22.     Shortly thereafter, on the same day, May 13, 2020 at approximately 3:33 p.m., Defendant's representative issued a message via electronic mail attaching a letter in PDF format on Defendant's letterhead stating: "Per our conversation, the above referenced account has been canceled from our office and returned to our client. This account is no close with a zero balance." *See* Attached **Exhibit 3**, May 13, 2020 Letter.

23.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**

> **(A) the character, amount, or legal status of any debt; or**

> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . .**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

24.     On or before May 13, 2020, the Defendant knew or should have known that the debt was not owed provided the nature of the alleged debt having been originated from services rendered during valid Medicaid coverage. Moreover, and as such, Defendant knew or should have known that the debt was disputed.

25.     Thus, by continuing to report the alleged debt with a delinquent, past due balance without communicating that the alleged debt was disputed, Defendant falsely represented that it had a legal right to continue attempting to collect the alleged debt even though it had no legal right to do so, and also falsely represented the character, amount, legal status of the debt, in violation of §§ 1692e, 1692e (2)(A), and §1692e (10) and failed to communicate that the alleged debt was a disputed debt, in violation of §1692e (8) of the FDCPA.

26.     15 U.S.C. §1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law . . .**

27.     Plaintiff did not owe the alleged debt of $1,772.00 because as a Medicaid recipient, the creditor was prohibited from personally charging the Plaintiff with any service charges.

28.     Defendant knew or should have known that the account was uncollectable because upon information and belief, any account information submitted to it from its medical

service provider client would have necessarily included information relative to insurance and Medicaid status.

29.     Additionally, Defendant knew or should have known that the account was uncollectable because it was notified of the legal status of the debt from the Plaintiff's January 23, 2019 Dispute Letter.

30.     Defendant violated §§ 1692f and 1692f(1) by attempting to collect the alleged debt when it had no legal right to do so by continuing to report the alleged debt as delinquent with a past due balance to each of the three major credit reporting agencies in an attempt to force the Plaintiff to pay on a purported debt that he did not owe.

31.     Plaintiff suffered significant damages due to Defendant's wrongful conduct, including, but not limited to emotional distress, aggravation, annoyance, inconvenience and loss of time.

32.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

33.     Plaintiffs re-allege above paragraphs as if set forth fully in this count.

34.     In its attempts to collect the debt allegedly owed by the Plaintiffs, Defendant violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

   a. Made false, deceptive, or misleading representations regarding the character, amount, or legal status of the debt, in violation of 15 U.S.C. §1692(e)(2)(A).

   b. Made false, deceptive, or misleading representations regarding compensation which may be lawfully received by the debt collector for collection of a debt, in violation of 15 U.S.C. §1692(e)(2)(B).

    c.   Failed to communicate that the alleged debt was a disputed debt, in violation of 15 U.S.C. §1692(e)(8).

    d.   Made false, deceptive, or misleading means to attempt to collect a debt in violation of 15 U.S.C. §1692(e)(10).

    e.   Used unfair or unconscionable means to collect or attempt to collect a debt, including, but not limited to attempting to collect an alleged debt when Defendant had no legal right to collect in violation of 15 U.S.C. §§1692f and 1692f(1).

    f.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35.    These are material violations of the FDCPA because they did in fact cause direct financial harm, these violations would lead a consumer to believe that he or she was legally responsible to pay on a debt which was actively disputed, that he or she could be subjected to further collection efforts after disputing the alleged debt without collector validation, or that he or she did not have the rights that Congress gave them under the FDCPA. In fact, Defendant's communications and collection efforts with Plaintiff confused and alarmed Plaintiff causing him a tremendous amount of emotional distress.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

    D.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By:   /s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
IL Bar #.: 6310339
JOHNSTON TOMEI
LENCZYCKI & GOLDBERG, LLC
350 N Milwaukee Ave. Ste. 202
Libertyville, IL 60048
Ph: (847) 549-0600
Fx: (847) 589-2263
Rob@LawJTLG.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 40% or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By:     s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

# **<u>EXHIBIT 1</u>**

January 23, 2019

Collection Bureau
711 Elgin Parkway, NE
Walton Beach FL, 32547

I have recently received a negative Item on my credit report from Collection Bureau, 711 Elgin Pkwy, NE, Ft. Walton Beach, FL, 32547 stating I owe $1,772 to Vista Medical Center. I dispute this information and request it be deleted from my credit report. As proof I have enclosed an Invoice from Vista Medical Center showing a $0.00 balance. In addition I have been covered under Medicaid since January 1, 2014 (attached Proof).

Let me know the results of your investigation.

Sincerely,


Robert J. Tomei
REDACTED

# **EXHIBIT 2**

**my Equifax**™

Robert Tomei  0

| | |
|---|---|
| Home | |
| **YOUR CREDIT** | **Credit Report date** |
| Credit Score | May 13, 2020 ⌄ |
| **Credit Report** | |
| Summary | |

# Collections

Report Date: May 13, 2020

Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit scores.

Revolving Accounts

Mortgage Accounts

Installment Accounts

Other Accounts

Consumer Statements

Personal Information

Inquiries

Public Records

**Collections**

Your Rights

**YOUR IDENTITY**

Freeze

Fraud & Active Duty Alerts

Dispute Center

## Date Reported: May 10, 2020

| | | | |
|---|---|---|---|
| **Collection Agency** | COLLECTION BUREAU OF FWB | **Balance Date** | May 10, 2020 |
| **Original Creditor Name** | VISTA MED CENTER LINDENHURS | **Account Designator Code** | INDIVIDUAL_ACCOUNT |
| | | **Account Number** | #####50 |
| **Date Assigned** | Oct 19, 2018 | **Creditor Classification** | MEDICAL_OR_HEALTH_CAI |
| **Original Amount Owed** | $1,772 | **Last Payment Date** | |
| **Amount** | $1,772 | **Date of First Delinquency** | Jan 24, 2017 |
| **Status Date** | May 10, 2020 | | |
| **Status** | UNPAID | | |
| **Comments** | | **Contact** | |
| MEDICAL | | COLLECTION BUREAU OF FWB 711 EGLIN PKWY NE FT WALTON BEACH FL 32547 (866) 368-9887 | |

# **<u>EXHIBIT 3</u>**

5/13/2020

**Collection Bureau of Fort Walton Beach Inc.**

711 N Eglin Pkwy
Fort Walton, FL 32549

| | |
|---|---|
| ACCOUNT NO: | REDACTE |
| CLIENT: | VISTA MED CENTER LINDENHURS |
| CLAIM NO: | REDACTED |
| AMOUNT: | $1,772.00 |
| INTEREST: | $0.00 |
| OTHER FEES: | $0.00 |
| OTHER COSTS: | $0.00 |
| PAYMENTS: | $0.00 |
| **TOTAL DUE:** | **$0.00** |

ROBERT J TOMEI
REDACTED

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dear ROBERT J TOMEI, ,

Per our conversation, the above referenced account has been canceled from our office and returned to our client. This account is now closed with a zero balance.

Please contact us with any questions.

Sincerely,
HOUSE
866-292-9978